**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION**

**DEMETRIUS A. MCLAUGHLIN,**
**D.O.C. # 122592,**

**Plaintiff,**

**vs.** **Case No. 4:21cv345-WS-MAF**

**UNITED STATES OF AMERICA,**
**JANET YELLEN, and**
**MERRICK B. GARLAND,**

**Defendants.**
**_____________________________/**

## REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding pro se and with in forma pauperis status, has filed an amended complaint. ECF No. 13. Plaintiff's amended complaint [hereinafter "complaint"] has been reviewed as required by 28 U.S.C. § 1915A.

This case has been filed pursuant to *Bivens* and seeks to raise claims against several federal officials: (1) Janet Yellen, Secretary of the Department of the Treasury; (2) Merrick B. Garland, United States Attorney General; and (3) the United States of America.

Plaintiff's complaint remains insufficient to proceed against either Defendant Yellen or Defendant Garland because Plaintiff alleges no facts which state what those Defendants did, or failed to do. Plaintiff has not demonstrated that either Defendant was personally involved in the events at issue, nor that any actions taken were done at their command. Because there are no facts presented concerning the actions or omissions of those Defendants, the complaint fails to state a claim against them.

Additionally, Plaintiff has named the United States of America as a Defendant. ECF No. 13 at 1, 2. "As an initial matter, it is well-settled law that as sovereign, "the United States is immune from suit unless it consents to be sued." United States v. Dalm, 494 U.S. 596, 608, 110 S.Ct. 1361, 1368, 108 L.Ed.2d 548 (1990) (cited in Mut. Assur., Inc. v. United States, 56 F.3d 1353, 1355 (11th Cir. 1995). "The United States has waived its sovereign immunity in order to allow taxpayers to file actions seeking tax refunds" under 26 U.S.C. § 7422(f)(1) and district courts have jurisdiction over such actions against the United States pursuant to 28 U.S.C. § 1346(a)(1)." Mut. Assur., Inc., 56 F.3d at 1355; Blankenship v. Dep't of the Treasury, Internal Revenue Serv., No. 121cv00581NONESAB, 2021 WL 1907561, at *2 (E.D. Cal. May 12, 2021). Thus, Plaintiff, like any other

taxpayer, may sue the United States for a refund of taxes, but the United States has consented to be sued "only where the taxpayer has followed the conditions set forth in 26 U.S.C. § 7422(a), which states: 'No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected ... until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.'" Blankenship, 2021 WL 1907561, at *2. Thus, "[b]efore filing suit in federal court for credit or refund of overpaid taxes, a taxpayer must first comply with the tax refund scheme established in the Code by filing an administrative claim with the IRS." 2021 WL 1907561, at *2 (citing United States v. Clintwood Elkhorn Min. Co., 553 U.S. 1, 4, 128 S. Ct. 1511, 1514, 170 L. Ed. 2d 392 (2008) (explaining that a taxpayer must file an administrative claim with the Internal Revenue Service before filing suit against the Government"). Review of Plaintiff's factual allegations does not demonstrate that he has complied with the tax refund scheme.

Plaintiff's amended complaint alleges that while he has been incarcerated in the Department of Corrections, the Internal Revenue

Service issued an Economic Impact Payment (EIC) in the amount of $1,200.00, a second EIC in the amount of $600.00 and a third EIC in the amount of $1,400.00. ECF No. 13 at 5-9. Those payments were allegedly to be made by direct deposit, and were presumably directed to Plaintiff's Wells Fargo bank account. *Id.* at 5, 8. However, Plaintiff contends that the IRS "changed its position" and took steps to "retrieve payments made to incarcerated persons and return" the money to the IRS. *Id.* at 6, 7. He appears to claim that he did not receive any of the EIC payments because the IRS directed their retrieval. *Id.* at 6-8.

Nevertheless, contrary to that assertion, Plaintiff also alleged that he submitted a Form 14039 to the IRS claiming identity theft. *Id.* at 7. Doing so suggests that Plaintiff did not receive EIC payments because another person obtained the funds.

In addition, Plaintiff claimed that his Wells Fargo bank account had been closed in either 2018 or 2019. *Id.* at 8-9. Thus, it would appear that no payments could be received through direct deposit because Plaintiff's Wells Fargo bank account no longer existed and he claimed that all transactions were "re-routed back to payer or billers." *Id.* at 8, 12.

Those facts raise the issue of whether Plaintiff contends that the IRS retrieved EIC payments, whether another person wrongfully received those funds, or whether funds could not be received because Plaintiff's bank account was closed. However, it is unnecessary to determine which claim Plaintiff is seeking to litigate in this case because this case cannot go forward under either theory. Plaintiff's amended complaint is insufficient because Plaintiff has not alleged that he filed a claim for a refund or tax credit with the Internal Revenue Service as required.

Some background information is beneficial. When the COVID-19 pandemic impacted the United States in early 2020, many states issued "stay at home" orders causing empty office buildings, schools, and businesses. When unemployment skyrocketed and the economy ground to a halt, Congress acted quickly and passed the Coronavirus Aid, Relief, and Economic Security (CARES) Act. Lamar v. Hutchinson, No. 4:21-CV-0347, 2021 WL 4047158, at *1 (E.D. Ark. Sept. 3, 2021) (citing 2 Pub. L. 116-136, 134 Stat. 281 (2020)). "The CARES Act established a tax credit to eligible individuals and is an advance refund of the tax imposed under subtitle A of the tax code." Durrette v. Dep't of Treasury - Internal Revenue Serv., No. A-21-CV-618-RP, 2021 WL 3761223, at *1 (W.D. Tex. Aug. 25,

2021) (citing Scholl v. Mnuchin, 489 F. Supp. 3d 1008, 1021 (2020)); *see also* Blankenship, 2021 WL 1907561, at *1. The first payment made under the CARES Act, was a $1,200 payment which was authorized for "every American adult with an income below $75,000." Lamar, 2021 WL 4047158, at *1. However, persons who did not receive that payment would have the $1,200 "credited to their following tax bill." 2021 WL 4047158, at *1.

A second "$600 stimulus payment or tax credit" soon followed, passed as "part of the December 27, 2020 Consolidated Appropriations Act (CAA)." 2021 WL 4047158, at *1. A third stimulus payment was issued "on March 11, 2021 under the American Rescue Plan Act (ARPA) and paid out a $1,400 stimulus or tax credit." *Id.* Prisoners, by virtue of their incarceration, were not excluded from receiving the stimulus payments if they otherwise met the definition of "eligible individual." *Id.*

In this case, Plaintiff is seeking an injunction which will compel the Defendants "to release the intercepted" funds and provide him with the EIC payments. ECF No. 13 at 14. In other words, Plaintiff is seeking a tax refund for the tax credit he alleges he did not receive.

However, Plaintiff has not shown that he complied with the "tax refund scheme established in the Code by filing an administrative claim with the IRS." Blankenship, 2021 WL 1907561, at *2. Previously, Plaintiff was advised of that requirement and informed that if he had complied, he should file a notice of voluntary dismissal of this case pursuant to Federal Rule of Civil Procedure 41(a). ECF No. 11. Plaintiff then filed the instant complaint, ECF No. 13, which still fails to demonstrate compliance with the tax refund procedures.

"Title 26 U.S.C. § 7422(a) states that '[n]o suit ... shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund ... has been duly filed with' the IRS." United States v. Clintwood Elkhorn Min. Co., 553 U.S. 1, 7, 128 S. Ct. 1511, 1516, 170 L. Ed. 2d 392 (2008). Because Plaintiff has not alleged that he filed a refund claim pursuant to § 7422(a), his amended complaint is insufficient on its face. Moreover, failing to comply with § 7422(a) is a jurisdictional bar. *See* Swanson v. United States, 799 F. App'x 668, 670 (11th Cir.), cert. denied,

140 S. Ct. 1270 (2020) (dismissing case "for lack of subject-matter jurisdiction because Swanson failed to file a valid claim for" a tax refund); *see also* King v. United States, 789 F.2d 883, 884 (11th Cir. 1986) (stating that "the case law makes it clear that filing a claim for an administrative refund is a jurisdictional prerequisite to maintenance of a refund suit"); Durrette, 2021 WL 3761223, at *2 (holding that because the plaintiff had not exhausted his administrative remedies, the court lacked jurisdiction over his request for a tax refund).

## RECOMMENDATION

It is respectfully **RECOMMENDED** that Plaintiff's amended complaint, ECF No. 13, be **DISMISSED** for lack of subject matter jurisdiction because Plaintiff failed to comply with the requirements of 26 U.S.C. § 7422(a).

**IN CHAMBERS** at Tallahassee, Florida, on December 1, 2021.

S/ Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R.**

**Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**