IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

DEMETRIUS A. MCLAUGHLIN,
D.O.C. # 122592,

    Plaintiff,

v.                                      4:21cv345–WS/MAF

UNITED STATES OF AMERICA,
JANET YELLEN, and MERRICK B.
GARLAND,

    Defendants.

_____

## ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the court is the magistrate judge's report and recommendation (ECF No. 14) docketed December 1, 2021. The magistrate judge recommends that Plaintiff's amended complaint (ECF No. 13) be dismissed (1) for lack of subject matter jurisdiction over the United States, and (2) for failure to state a claim against Defendants Yellen and Garland. Plaintiff has filed objections (ECF No. 17) to the report and recommendation. The undersigned has reviewed the record in light of Plaintiff's objections and has determined that Plaintiff's amended

complaint is due to be dismissed as recommended by the magistrate judge.

In his amended complaint, Plaintiff asserts that he did not receive the federal "economic impact payments" ("EIPs")—or "stimulus" checks—authorized by (1) the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), 26 U.S.C. § 6428(a)(1); (2) the Consolidated Appropriations Act of 2021 ("CAA"), 26 U.S.C. § 6428A(a)(1); and the American Rescue Plan Act of 2021 ("ARPA"), 26 U.S.C. § 6428B(a)–(d). He seeks an order directing the United States to "release" the authorized EIPs to him.

Like the magistrate judge, the undersigned finds that Plaintiff's amended complaint is insufficient to state a claim against Defendants Yellen and Garland because Plaintiff fails to allege any facts showing that either Yellen or Garland was involved—personally or officially—in the events at issue. Furthermore, even if the court assumes, for the sake of argument only, that Plaintiff was not required to file an administrative complaint before suing the sovereign United States regarding his non-receipt of EIPs, Plaintiff's lawsuit must nonetheless be dismissed.

The CARES Act and the CAA authorized tax credits of $1200 and $600, respectively, against the tax imposed in the case of eligible individuals for the taxable year beginning in 2020. The ARPA authorized a tax credit of $1400 against the tax imposed in the case of eligible individuals for the taxable year beginning in

2021. "The statutes on their face permit a recovery rebate to be made either by 'advance refund (i.e., a 'stimulus check'), or a tax credit, or a combination of the two.' " *Hudson v. Dep't of Treasury*, No. 1:21–cv–392, 2021 WL 5782471, at *3 (W.D. Mich. Dec. 7, 2021) (quoting *Graham v. Dep't of Treasury I.R.S.*, No. 21–CV–1411, 2021 WL 5356784, at *3 (E.D. Pa. Nov. 17, 2021)). An EIP is an "advance refund" of the tax credits authorized by the three statutes. Individuals who do not receive EIPs may nonetheless claim a recovery rebate credit on their 2020 and 2021 income tax returns. As explained by the Internal Revenue Service: "Missing first and second payments may only be claimed on a 2020 tax return. Missing third payments may only be claimed on a 2021 tax return." Recovery Rebate Credit, https://www.irs.gov/newsroom /recovery-rebate-credit.

The CARES Act imposed a deadline of December 31, 2020, for EIPs to be "made or allowed." 26 U.S.C. § 6428(f)(3)(A). Similarly, the CAA and ARPA imposed deadlines of January 15, 2021, and December 31, 2021, respectively, for EIPs to be "made or allowed." 26 U.S.C. §§ 6428A(f)(3)(A)(ii)(i), 6428B(g)(3). Those deadlines have passed, meaning no more EIPs may be "made or allowed" pursuant to any of the three statutes. Accordingly, Plaintiff cannot obtain the relief he seeks in this case.

As explained above, this case is due to be dismissed. Accordingly, it is

ORDERED:

1. The magistrate judge's report and recommendation (ECF No. 14) is ADOPTED and incorporated into this order by reference.

2. Plaintiff's amended complaint is hereby DISMISSED.

3. The clerk shall enter judgment stating: "All claims are dismissed."

4. Plaintiff's pending motions for preliminary injunction (ECF No. 22) and for leave to file a second amended complaint (ECF No. 18) are DENIED.

5. The clerk shall close the case.

DONE AND ORDERED this __22nd__ day of __February__, 2022.

s/ William Stafford
WILLIAM STAFFORD
SENIOR UNITED STATES DISTRICT JUDGE